0088

Clarence Olin FREEMAN, Respondent, v. Patricia A. McBEE, formerly Patricia A. Freeman, Appellant.

(313 S. E. (2d) 325)

Court of Appeals

*William J. Barnes*, Greenville, *for appellant.*

*Andrew L. Abrams* of *Abrams, Bowen & Parham*, Greenville, *for respondent.*

Feb. 21, 1984.

SHAW, Judge:

This action was commenced in 1978 with each party seeking a divorce from the other. After the serving of a petition and a cross-petition and after the issuance of a temporary order, the parties entered into a property settlement agreement which settled all issues involved except the matter of divorce. How-

ever, the agreement failed to specifically mention real property located on Halton Road. This property was being purchased under a bond for title/contract in the names of both parties. The house located on the property had initially served as the parties' home and was currently being used by the respondent, Mr. Freeman, as his place of business.

On August 4, 1978, Mr. Freeman filed an affidavit of default as Mrs. McBee had failed to answer his cross-petition within the required time period.

On August 10, 1978, the appellant, Mrs. McBee, filed an amended complaint. Among other things, Mrs. McBee sought an interest in the Halton Road property for the first time.

On August 22, 1978, the court, with Mrs. McBee's consent, dismissed her amended complaint with prejudice as the parties had reached an agreement on all issues concerned in the dismissed pleadings.

On August 24, 1978, Mrs. McBee's attorney sent a letter to Mr. Freeman's attorney advising him that all of Mrs. McBee's pleadings had been withdrawn and that Mr. Freeman was authorized to proceed.

On August 31, 1978, Mr. Freeman was granted a default divorce on his cross-petition. The parties' property settlement agreement was incorporated into the divorce decree. In addition, the court stated that Mrs. McBee will have "no interest in any business property that the respondent (Mr. Freeman) may own or is in the process of purchasing." She did not appeal this order.

On March 10, 1981, Mr. Freeman petitioned the court seeking to have Mrs. McBee held in contempt for refusing to sign the necessary papers removing her name from the bond for title on the Halton Road property. On March 24, 1981, Mrs. McBee answered the petition claiming that the court lacked jurisdiction to issue an order concerning the Halton Road property because, among other things, Mr. Freeman had failed to request such relief in his pleadings. Mrs. McBee requested that that part of the divorce decree be vacated and that she be awarded reasonable attorney's fees.

A hearing was held on March 24, 1981. By an order dated April 29, 1981, the court found that it had jurisdiction, found that Mrs. McBee had waived her interest in the Halton Road property by consenting to the dismissal of her pleadings with

prejudice, ordered her to execute the necessary documents to effectuate the waiver of interest and denied her any attorney's fees.

"Waiver is an intentional relinquishment of a known right and may be implied from circumstances indicating an intent to waive [cites omitted]. Acts inconsistent with the continued assertion of a right, such as a failure to insist upon the right, may constitute a waiver." *Bonnette v. State*, 277 S. C. 17, 282 S. E. (2d) 597 at 598 (1981). Mrs. McBee consented to the dismissal of her amended complaint with prejudice. This complaint contained the request for an interest in the Halton Road property. By so consenting, Mrs. McBee waived any interest she had in that property. The two and one-half year wait by Mrs. McBee before raising the issue of the effect of her consent to dismiss with prejudice is totally inconsistent with any assertion of an interest in the property and is further evidence of an intentional relinquishment.

By filing the amended complaint requesting an interest in the Halton Road property, Mrs. McBee brought the property before the jurisdiction of the court. Only if the complaint had been dismissed *without* prejudice would the jurisdiction of the court been extinguished. In such a situation, it is as if no suit had ever been brought. *Gulledge v. Young*, 242 S. C. 287, 130 S. E. (2d) 695 (1963). Here, the complaint was dismissed *with* prejudice. In that situation, the dismissal operates as an adjudication on the merits terminating the action and concluding the rights of the parties. 27 C.J.S., Dismissal and Nonsuit, Section 39, p. 380; *Ottinger v. Chronister*, 13 N. C. App. 91, 185 S. E. (2d) 292 (1971). The issue of the Halton Road property having been adjudicated on the merits, the court had jurisdiction to again order her to convey her interest to Mr. Freeman.

After dismissal of Mrs. McBee's complaint with prejudice on August 22, the court issued an order nine days later stating that Mrs. McBee was to have no interest in any business property that Mr. Freeman may own or is in the process of purchasing. In its April 29, 1981 order, the trial judge stated that the court in its August 31 order took judicial notice of the dismissal with prejudice whereby Mrs. McBee waived any interest in the Halton Road property. Mrs. McBee claims that it was error for the court to take judicial notice of language

not appearing in the August 22 order. However, the dismissal with prejudice of the action, which embraced the issue of the Halton Road property, implicitly dismissed the entire matter.

A court can take judicial notice of its own records, files and proceedings for all proper purposes including facts established in its records. 31 C.J.S., Evidence, Section 50(1), p. 1018-1021. It is not error for a judge to take judicial notice of what was stated in a former opinion in a prior action of the same case. *Montalbano v. Automobile Ins. Co.*, 218 S. C. 367, 62 S. E. (2d) 829 (1950). Thus, it was proper for the court to take judicial notice of the consent to dismiss with prejudice in its own order issued nine days earlier and of the effect of the dismissal.

Finally, Mrs. McBee's request for attorney's fees was denied. Under the factors set forth in *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977), there has been no abuse of discretion. Present counsel was not involved in the previous litigation. The immediate case is a very simple contempt action which required only one brief hearing and which could hardly be classified as presenting a novel issue of law. Since Mrs. McBee was ordered to comply with the previous order, the result was not very beneficial to her. There was also no showing of financial need on Mrs. McBee's behalf.

All other assignments of error are unmeritorious and discussion is not necessary.

Accordingly, the judgment below is

Affirmed.

CURETON and GOOLSBY, JJ., concur.