600 S.E.2d 551

Teresa STONE, Claimant/Employee, Respondent,

v.

TRAYLOR BROTHERS, INC., Employer,

and

St. Paul's Fire & Marine Insurance Co., Carrier, Appellants.

No. 3841.

Court of Appeals of South Carolina.

Heard April 6, 2004.

Decided July 6, 2004.

Revised July 7, 2004.

Rehearing Denied Aug. 18, 2004.

James R. Courie and R. Mark Davis, of Columbia, for Appellants.

Ian D. Maguire, of Myrtle Beach and John S. Nichols, of Columbia, for Respondent.

BEATTY, J.:

In this workers' compensation action, Traylor Brothers, Inc. and St. Paul Insurance Company appeal a circuit court's finding that Teresa Stone was entitled to benefits for injuries she sustained when her estranged boyfriend assaulted her at work. We reverse.

## FACTS

Teresa Stone ("Claimant") and Kevin Stone ("Stone") began a relationship in July of 1998.[1] The two apparently started living together in October of that year.[2] The relationship became difficult and was "all over and done with" by the Christmas holidays. Claimant however continued living with Stone. While still living together, Claimant and Stone started working for Traylor Brothers ("Employer") in January of 1999.[3] Two or three weeks later, Claimant spent five nights

---

1. Despite identical surnames, Teresa Stone and Kevin Stone are not related by blood or marriage.

2. At the time, they were both working for a company other than Employer.

3. Stone worked as a supervisor and Claimant, a welder; however, Stone was not Claimant's supervisor.

away from the home she shared with Stone. The morning after the fifth day, Claimant rode to work with a co-worker named Butch. When they arrived, Stone approached Claimant as she was going to retrieve her work tools. The two had a physical confrontation. The other workers separated them but they resumed their fight and had to be separated a second time. Stone allegedly "snatched" Claimant by the hair, "pulled [her] across the parking lot," and told her "we cannot work for the same company. You leave or I leave." Stone also told a male co-worker "Leave my lady alone."

Claimant sustained some injuries as a result of the altercation and sought a hearing with the South Carolina Workers' Compensation Commission ("the Commission"). The commissioner concluded that Claimant's injuries were not compensable. The full Commission affirmed the findings. Claimant appealed to the circuit court. That court reversed the decision, reasoning that it had been reached without substantial evidence. This appeal followed.

## STANDARD OF REVIEW

 In an appeal from the Commission, neither this court nor the circuit court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law. *Corbin v. Kohler Co.,* 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct.App.2002). "Any review of the commission's factual findings is governed by the substantial evidence standard." *Lockridge v. Santens of Am., Inc.,* 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct.App.2001). "Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached." *Id.* We review the Commission's ruling only to determine whether it is supported by substantial evidence or is controlled by some error of law. *See Corbin,* 351 S.C. at 617, 571 S.E.2d at 95.

## LAW/ANALYSIS

 Appellant argues that the circuit court erred in reversing the Commission's decision. We agree.

To receive a worker's compensation award in South Carolina, an employee must show that her injury arose "out of" and "in the course of employment." *Howell v. Pac. Columbia Mills,* 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987). While the term "in the course of" refers to the time, place, and circumstances of the accident, the term "arising out of" refers to the origin or the cause of the accident. *Id.* An injury arises out of one's employment "when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Broughton v. S. of the Border,* 336 S.C. 488, 497, 520 S.E.2d 634, 638 (Ct.App.1999). The injury need not be expected or even foreseeable, but "it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *Carter v. Penney Tire & Recapping Co.,* 261 S.C. 341, 345, 200 S.E.2d 64, 65 (1973).

Here, the dispute between Claimant and Stone originated from their personal relationship. That relationship started deteriorating even before Stone and Claimant started working for Employer. They had previously fought at home and on other job sites. By all accounts, Stone was acting out of jealously the morning he approached Claimant at work. There is clearly ample support for the Commission's decision. *See Bright v. Orr–Lyons Mills,* 285 S.C. 58, 61, 328 S.E.2d 68, 71 (1985) (holding that "when the dispute that culminates in an assault arises out of the claimant's private life, the injury is not ordinarily compensable"); *Allsep v. Daniel Constr. Co.,* 216 S.C. 268, 270, 57 S.E.2d 427, 428 (1950) (excluding from coverage an injury "which comes from a hazard to which the workmen would have been equally exposed apart from the employment").

Admittedly, the Commission could have reached a different conclusion. However, that fact does not alter the scope of our inquiry. *See Palmetto Alliance, Inc. v. South Carolina Pub. Serv. Comm'n,* 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[The] possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). We must consider only whether the Commission's decision is supported by substantial evidence. We find that it is. Therefore, it must be affirmed.

Based on the foregoing, the circuit court's decision is **REVERSED.**

HEARN, C.J., and ANDERSON, J., concur.