CHAMBERS MEMO

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Marsha Tennant, Appellant,
 v.
 Beaufort County School District, Employer, and South Carolina School Board Insurance Trust, Carrier, Defendants,
 of whom Beaufort County School District is Respondent.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Master In Equity

Unpublished Opinion No. 2007-UP-056
Submitted January 1, 2007  Filed February 8, 2007    

AFFIRMED

 
 
 
 James H. Moss, of Beaufort, for Appellant.
 Andrew D. Smith, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM:  During the fall of 2001, Marsha Tennant was employed as a special education teacher in the Beaufort County School District.  Tennant, along with her aides Yolanda Hamilton and Ieeia Grimes-Singleton, taught ten emotionally disturbed students at Ladys Island Middle School.  As the 2001 school year progressed, Tennant became concerned that her aides were not performing their jobs in a satisfactory manner.  Tennant worried that her aides poor performance could impact upon her students welfare and result in violations of federal guidelines for her students individualized education programs.  
On the morning of October 18, 2001, Tennant felt physically ill after an argument with Hamilton.  Tennant sought the medical advice of Karen Williams, the school nurse.  Williams checked Tennants blood pressure and recorded it at an elevated 158/98.  Tennant left the nurses station briefly to go to the main office and returned to see Williams approximately twenty minutes later.  Upon her return, Tennant complained of dizziness, sweating, chest pain, and neck pain.  Williams observed that Tennants breathing was labored and called EMS out of fear that Tennant had suffered a heart attack.
Emergency medical personnel transported Tennant to Beaufort Memorial Hospital by ambulance and measured Tennants blood pressure to be 178/108.  Tennants treating physician at the hospital, Dr. Saeed Rehman, assessed Tennants experience as a stress reaction.  Dr. Andrea Hucks, Tennants family physician, theorized that Tennant suffered a panic attack based on her reported symptoms and diagnosed Tennant with situational depression and panic disorder.  Additionally, Tennant was examined by Dr. Dyana Lowndes-Rosen, a licensed practicing psychologist.  Lowndes-Rosen determined Tennant suffered a single anxiety attack, and in her medical opinion felt Tennant did not require additional treatment or medications and could return to work because there was no resulting psychological disability from the anxiety attack.  Tennant later came under the care of Kathryn Jacobson, who has a bachelors degree in sociology and psychology and a masters degree in social work.  Jacobson diagnosed Tennant with post-traumatic stress disorder and believed, as of her deposition on May 27, 2002, that Tennant could not return to the classroom in the near future.  Tennant did not return to work at Ladys Island Middle School following the incident, opting instead to work from home from August of 2002 for the University of South Carolina on a part-time basis.  
Tennant filed a workers compensation claim alleging injuries to her brain and body.  After a hearing on October 10, 2002, the single commissioner issued an order on September 19, 2003 denying Tennants claim.  The single commissioner found the greater weight of the evidence did not support Tennants assertions that she sustained an injury in the course of her employment or that the conditions of her employment were either unusual or extraordinary.  An appellate panel of the workers compensation commission, in its order dated May 17, 2004, affirmed the single commissioners order, but also included in the record Jacobsons previously excluded testimony and considered the testimony on the issue of causation.  The circuit court, by its order dated July 5, 2005, affirmed the appellate panels ruling.  Tennant appeals.  
1.  Tennant argues the circuit court erred by not considering the opinions of Jacobson and Hucks.  The single commissioners order stated as follows: Greater weight was given to the opinion of Dr. Dyana Lowndes-Rosen versus Dr. Andrea D. Hucks and Kathryn Jacobson.  Dr. Lowndes-Rosen is a licensed practicing psychologist, while Dr. Hucks practices internal medicine.  Although the single commissioner did not feel Jacobson qualified to render an opinion on causation, the appellate panel made Jacobsons deposition part of the record and stated [a]lthough records which were excluded by the hearing commissioner are allowed in by this panel and considered, the end result is the same.  The circuit court concluded, and we agree, that the appellate panel considered Jacobsons testimony but chose to give it no weight.  See Stone v. Traylor Brothers, Inc., 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (In an appeal from the Commission, neither this court nor the circuit court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact . . . .).
2.  Tennant next argues the circuit court erred in not finding that substantial evidence in the record supported a finding of unusual strain and exertion which allegedly caused Tennants injury and subsequent disability.  Tennant also argues the circuit court erred in finding against her where substantial evidence in the record established that Tennants alleged injury stemmed from an unusual or extraordinary condition at her workplace.  The circuit court, in finding substantial evidence existed in the record to support the appellate panels ruling, specifically noted that 1) Tennants position,  teaching children who suffered from a wide range of problems, placed her in a naturally stressful environment, and noted specific instances of abnormal behavior from several of Tennants students; 2) Topeeza Tillman, Tennants direct supervisor, testified that conflicts like the one between Tennant and her aides were not unusual or extraordinary; 3) Beaufort County School District ultimately addressed Tennants complaints and removed the aides from the classroom; 4) Jacobson conceded that a panic attack can be triggered without an unusual or extraordinary circumstance; and 5) Lowndes-Rosen determined Tennant suffered a single anxiety attack with no resulting psychological disability.  We agree with the circuit court that substantial evidence exists in the record to support the appellate panels finding that Tennant did not suffer a compensable injury.  Because there is substantial evidence to support the appellate panels ruling, we affirm.  See Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission.); Lark v. Bi-Lo, Inc., 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981) ([T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the Commissions] finding from being supported by substantial evidence.); Etheredge v. Monsanto Co., 349 S.C. 451, 455, 562 S.E.2d 679, 681 (Ct. App. 2002) (Where there are conflicts in the evidence over a factual issue, the findings of the Commission are conclusive.).
AFFIRMED.[1]
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.