716 S.E.2d 117

**Stephen Brad WISE, Appellant,**

**v.**

**Richard WISE d/b/a Wise Services and the South Carolina Uninsured Employers Fund, Respondents.**

**No. 4879.**

Court of Appeals of South Carolina.

Heard Nov. 4, 2010.
Decided Aug. 24, 2011.
Rehearing Denied Sept. 22, 2011.

court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

592

Pope D. Johnson, of Columbia, for appellant.

John G. Felder, of St. Matthews; Robert Merrell Cook, II, of Batesburg–Leesville, for respondents.

KONDUROS, J.

Stephen Brad Wise (Claimant) appeals the circuit court's dismissal of his workers' compensation claim that arose from the same facts as a civil action he settled against a third party and a default judgment he obtained against his employer. He maintains the circuit court could not take judicial notice of the existence of his civil action when evidence of that claim did not appear in the appellate record. We affirm.

## FACTS/PROCEDURAL HISTORY

This workers' compensation action arose out of an accident Claimant had on October 30, 2000, while working for Richard Wise d/b/a Wise Services (Employer).[1] Claimant was riding on top of a bank building that was being moved when he came into contact with a high voltage electrical line in Orangeburg, South Carolina and sustained severe burns as a result. On June 26, 2001, Claimant filed a Form 50 against Employer for medical and compensation benefits for his injuries. On July 13, 2001, Employer filed a Form 51, denying Claimant was an employee and asserting he was an independent contractor. Additionally, Employer contended it was not covered by the Workers' Compensation Act (the Act) because it does not have the requisite number of employees. Employer also maintained if Claimant was an employee, he was a casual employee and thus exempt under section 42–1–360 of the South Carolina Code. The South Carolina Uninsured Employers' Fund (the Fund) contended Claimant was not subject to the Act. It further asserted that if Claimant was a covered employee, his weekly wage should be figured at the minimum compensation of $75 per week because he failed to file a tax return for his wages from Employer.

On May 2, 2002, the single commissioner held a hearing on the matter. On October 18, 2002, five months after the single commissioner conducted the hearing but prior to its issuing the order, Claimant filed a tort action against Employer and

---

1. We note at the outset the procedural history of this case is difficult to follow.

the City of Orangeburg (the City). On November 26, 2003, the single commissioner issued an order denying the claim, finding Employer regularly employed only three employees and thus was exempt from the Act and not required to provide workers' compensation insurance coverage. The single commissioner further found because Employer was exempt from coverage, the Fund had no responsibility to provide benefits to Claimant. Finally, the single commissioner found the Workers' Compensation Commission had no jurisdiction over the claim and dismissed it.

On December 8, 2003, Claimant filed a Form 30 appealing the single commissioner's order to the Appellate Panel. On January 4, 2004, Claimant obtained a default judgment in the amount of $900,000 in the tort action against Employer. Claimant and the City reached a settlement.

On June 22, 2004, the Fund filed a motion to dismiss the appeal or order new evidence taken before the single commissioner. The Fund contended Claimant had waived his right to appeal his claim by filing suit against Employer alleging his employment did not fall within the scope of the Act and prosecuting that action to a final judgment of $900,000. Additionally, the Fund maintained Claimant did not notify it or the Commission of his suit against the City as a third-party tortfeasor, which section 42–1–560(b) of the South Carolina Code requires, and as a result he elected his remedy and was barred from receiving any benefits under the Act. The Fund provided an affidavit, a copy of Claimant's summons and complaint against Employer and the City, the default judgment against Employer, and the order from February 24, 2004, dismissing the action against the City with prejudice. The Appellate Panel dismissed the workers' compensation action, finding (1) Claimant, Employer, or their attorneys did not notify the Commission or the Fund of the civil suit; (2) when Claimant filed his civil action on the same issues that were before the Commission, the matter was removed from the Commission's jurisdiction, and the Claimant alleged his employment did not fall within the parameters of the Act; and (3) accordingly, the matter is res judicata.

Claimant appealed to the circuit court, which reversed the order to dismiss, finding Regulation 67–215(B)(1) of the South

Carolina Code of Regulations prohibited the Appellate Panel from addressing a motion to dismiss. The circuit court remanded the action to the Full Commission for it to consider the Fund's motion to submit new evidence. The Full Commission then remanded the matter to the Appellate Panel, which granted the motion to submit additional evidence and remanded the action to the single commissioner to consider the new evidence. Claimant appealed the Appellate Panel's allowance of additional evidence to the circuit court, which reversed the Appellate Panel, finding the Appellate Panel's order was too summary to allow a meaningful review. On remand, the Full Commission issued an order granting the Fund's motion to submit additional evidence, finding the record contains no evidence contrary or similar to the new evidence; thus, the new evidence was not cumulative or impeaching. Accordingly, the Full Commission remanded the action to the single commissioner to determine whether Claimant had elected his remedy.

Claimant again appealed to the circuit court, asserting the evidence did not fit the meaning of newly discovered evidence under Regulation 67–707 of the South Carolina Code. The circuit court reversed, finding the evidence did not constitute newly discovered evidence under Regulation 67–707. The circuit court stated: "The evidence of facts sought to be admitted did not exist at the time of the hearing before the [s]ingle [c]ommissioner.... [T]he evidence sought to be admitted does not constitute after discovered evidence within the meaning of Regulation 67–707." (quoting *State v. Haulcomb*, 260 S.C. 260, 270, 195 S.E.2d 601, 606 (1973) ("[A]fter discovered evidence refers to facts existing at time of trial of which ... [the] aggrieved party was excusably ignorant.")). On remand, the Appellate Panel denied the Fund's motion to admit additional evidence pursuant to Regulation 67–707 and ordered Claimant's appeal as to whether Employer was subject to the Act be set for a hearing. Following the hearing, the Appellate Panel reversed the single commissioner, finding Employer had four employees in his employment, and thus, it was subject to the Act. The Fund appealed to the circuit court, which reversed the Appellate Panel, finding the action was "barred by the election of remedies of the [C]laimant by instituting and settling his tort claims without notice to and

the consent of the [E]mployer and the [Fund]." The circuit court also found in the alternative, "pursuant to the election of jurisdiction provision of [s]ection 42–5–40 the Commission was divested of jurisdiction over this claim and its order is vacated." [2] This appeal followed.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Appellate Panel. *See Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). This court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse when the decision is affected by an error of law. *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004).

The substantial evidence rule governs the standard of review in workers' compensation decisions. *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 494 (Ct.App.2004). The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record. *Shuler v. Gregory Elec.*, 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct.App.2005). An appellate court can reverse or modify the Appellate Panel's decision only if the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct.App.2005) (citations and internal quotation marks omitted).

## LAW/ANALYSIS

Claimant argues the circuit court erred in considering the documents relating to the civil action because they were not part of the record. He further contends the circuit court erred in taking judicial notice of the civil action because the

---

2. The circuit court stated it had erred in its prior determination that the evidence of the existence of Claimant's tort action, default judgment, and settlement could not be admitted under Regulation 67–707.

Fund never requested the Appellate Panel take notice of it or raise it as a ground on appeal. We disagree.

## I. Election of Remedies/Third–Party Action

■ When an employee's claim arises out of and in the course of his or her employment, the Act provides the exclusive remedy. *See Sabb v. S.C. State Univ.,* 350 S.C. 416, 422, 567 S.E.2d 231, 234 (2002). "Every employer and employee . . . shall be presumed to have accepted the provisions of this title respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment and shall be bound thereby." S.C.Code Ann. § 42–1–310 (Supp.2010).

"When an employee and his or her employer accept the provisions of the Act, the employee's remedies under the Act exclude all other rights and remedies of the employee." *Harrell v. Pineland Plantation, Ltd.,* 337 S.C. 313, 325–26, 523 S.E.2d 766, 772 (1999) (citing S.C.Code Ann. § 42–1–540 (1985)).

> THIS SECTION IS KNOWN AS THE EXCLUSIVE REMEDY PROVISION, AND IT shrouds an employer with immunity from any actions at law instituted by the employee. Such immunity is part of the broader *quid pro quo* arrangement imposed upon the employer and employee by the Act. The employee "receives the right to swift and sure compensation" in exchange for giving up the right to sue in tort; the employer receives such tort immunity in exchange for complying with those provisions of the Act that insure swift and sure compensation for the employee.

*Id.* at 326, 523 S.E.2d at 772. "The Act achieves such 'swift and sure compensation' by requiring the employer to secure the payment of compensation under [section 42–5–10 of the South Carolina Code (1985) ]." *Id.* at 326, 523 S.E.2d at 773. Section 42–5–10 provides: "Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter." An employer that fails to secure such compensation becomes liable either under the Act or in an action at law. *Harrell,* 337 S.C. at 327, 523 S.E.2d at 773 (citing S.C.Code Ann. § 42–5–40 (1985)). "[T]he Act prohibits an

employee from recovering both workers' compensation and a tort judgment from an employer who fails to secure compensation." *Id.* at 329, 523 S.E.2d at 774.

■ A claimant has three remedies for job-related injuries: (1) To proceed solely against the employer thereby allowing the employer-carrier the opportunity to pursue reimbursement against the third party for its obligated payments. (2) To proceed solely against the third party tort feasor under [section] 42–1–550 by instituting and prosecuting an action at law; and

(3) To proceed against both the employer-carrier and the third party tort feasor by complying with [section] 42–1–560. *Callahan v. Beaufort County Sch. Dist.,* 375 S.C. 92, 95–96, 651 S.E.2d 311, 313 (2007).

■ Section 42–1–560 of the South Carolina Code (1985) provides the requirements for simultaneously pursuing a third-party action and a workers' compensation claim. It states: "Notice of the commencement of the [third-party] action shall be given within thirty days thereafter to the ... Commission, the employer[,] and carrier upon a form prescribed by the ... Commission." § 42–1–560(b). The statute clearly requires timely notice be given to all three entities: employer, carrier, and Commission. *Callahan,* 375 S.C. at 96, 651 S.E.2d at 314. "The object of [section] 42–1–560 is to effect an equitable adjustment of the rights of *all* the parties. It would defeat this objective to allow the employee to demand compensation from the employer after having destroyed the employer's normal right to obtain reimbursement from the third party." *Fisher v. S.C. Dep't. of Mental Retardation– Coastal Ctr.,* 277 S.C. 573, 575–76, 291 S.E.2d 200, 201 (1982) (citation and internal quotation marks omitted). "[T]he settlement of a third party claim without notice to the employer and carrier bars a workers' compensation action." *Kimmer v. Murata of Am., Inc.,* 372 S.C. 39, 52, 640 S.E.2d 507, 513–14 (Ct.App.2006). In *Fisher,* the supreme court held that a claimant had elected a remedy, thus forgoing workers' compensation benefits, by settling a third-party claim without complying with the notice requirements of section 42–1–560, even though the carrier had actual knowledge of the third-party suit. *Id.*

This court has previously explained the reasoning behind a settlement serving as a bar to a workers' compensation action:

> As a result of the failure to notify of a third party claim, the employer-carrier loses a voice in the litigation and is clearly prejudiced. That voice encompasses the right to select one's own counsel, conduct one's own investigation, and direct the litigation. Notice makes it possible for the employer-carrier to offer the employee meaningful assistance in prosecuting the third party claim. With timely knowledge the employer-carrier gains the opportunity to lend support to an effort that could lead to the carrier's recovery of some or all of the compensation it might later be required to pay the injured employee under the Workers' Compensation Act. The statute's underlying purpose serves to protect the carrier's subrogation interests and prevents an employee's double recovery.

*Kimmer*, 372 S.C. at 51, 640 S.E.2d at 513 (citations omitted).

Case law makes clear that an employee cannot recover against an employer under both a workers' compensation action and a civil action. Here, Claimant recovered $900,000 from Employer in the form of a default judgment. Further, because Claimant did not strictly comply with the notice provisions in filing suit against a third party, he is barred from recovering under the Act. However, we must determine if the evidence of the civil suit could be admitted as new evidence or the circuit court could take judicial notice of it.

## II. Judicial Notice

"Notice may be taken of judicially cognizable facts" in administrative cases. S.C.Code Ann. § 1–23–330(4) (2005).

> Appellate courts are generally reluctant to notice adjudicative facts even when those facts may be absolutely reliable. Notice of "facts" for the first time on appeal may deny the adverse party the opportunity to contest the matters noticed; it may also violate the general principle that appellate review should be limited to the record. Finally, appellate courts, limited to the "cold" record, cannot be as sensitive to the appropriateness of judicial notice as the trial judge. For the foregoing reasons we hold that original judicial

notice of adjudicative facts at the appellate level should be limited to matters which are indisputable.

*Masters v. Rodgers Dev.*, 283 S.C. 251, 256, 321 S.E.2d 194, 197 (Ct.App.1984) (citations omitted). "A court can take judicial notice of its own records, files[,] and proceedings for all proper purposes including facts established in its records." *Freeman v. McBee*, 280 S.C. 490, 313 S.E.2d 325 (Ct.App. 1984). "It is not error for a judge to take judicial notice of what was stated in [a] former opinion in [a] prior action of the same case." *Id.*

Claimant's argument as to judicial notice revolves around the fact that the Fund did not request the Appellate Panel take judicial notice of the suit or raise judicial notice in its grounds on appeal to the circuit court. As Claimant's own case law states, an appellate court can take judicial notice of something that was not before the trial court if it is indisputable. The summons and complaint and default judgment show that Claimant did file an action and recover against Employer thus making that his exclusive remedy. Additionally, he filed suit and entered a settlement against a third party without providing any notice to the Fund or the Commission as required by statute, thus barring the workers' compensation action.

## III. Additional Evidence

■ Additionally, the evidence of the civil claim could be admitted as new evidence under Regulation 67–707 of the South Carolina Code of Regulations (Supp.2010), which provides the requirements for the admission of additional evidence in workers' compensation cases. Regulation 67–707 states:

A. When additional evidence is necessary for the completion of the record in a case on review the Commission may, in its discretion, order such evidence taken before a Commissioner.

B. When a party seeks to introduce new evidence into the record on a case on review, the party shall file a motion and affidavit with the Commission's Judicial Department.

C. The moving party must establish the new evidence is of the same nature and character required for granting a new trial and show:

(1) The evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and

(2) The evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its discovery.

Claimant argues because the circuit court originally found it was not newly discovered evidence and the Fund did not appeal, it was the law of the case. However, an appeal of that ruling would have been interlocutory. *See Leviner v. Sonoco Prods. Co.*, 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000) (holding an order by the circuit court remanding the matter to the single commissioner for further proceedings was not directly appealable). Therefore, the circuit court's original decision to not allow the evidence as newly discovered was not the law of the case.

The evidence of the civil claim meets the criteria in the Regulation for the admission of new evidence: (1) it is not cumulative or impeaching character and would have produced a different result if produced at the first hearing and (2) was not known and could not have been discovered at the time of the first hearing and was brought to the attention of the Commission immediately upon its discovery. Nothing requires that the facts be in existence at the time of the first hearing by the single commissioner.[3] Accordingly, the circuit court's decision is

**AFFIRMED.**

HUFF and LOCKEMY, JJ., concur.

---

3. Claimant also argues the circuit court erred in failing to affirm the Appellate Panel's finding that Employer had four employees and thus was subject to the Act. We need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d

591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).