**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kimberly Mahaffey, Appellant,

v.

Onetone Telecom, Inc., Employer, and State Auto Insurance Companies, Carrier, Respondents.

Appellate Case No. 2011-204388

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2013-UP-129
Heard March 7, 2013 – Filed March 27, 2013

---

**AFFIRMED**

---

Larry C. Brandt, of Larry C. Brandt, PA, of Walhalla, for Appellant.

Alton Lamar Martin, Jr., of Martin & Martin, PA, of Greenville, for Respondents.

---

**PER CURIAM:** Kimberly Mahaffey appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel) determination

that injuries to her knee and shoulder were not proximately caused by a workplace fall.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether substantial evidence supported the Appellate Panel's decision: *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 349, 656 S.E.2d 753, 759 (Ct. App. 2007) ("The claimant has the burden of proving facts sufficient to allow recovery under the [Workers' Compensation] Act."); *Wise v. Wise*, 394 S.C. 591, 597, 716 S.E.2d 117, 120 (Ct. App. 2011) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record." (citing *Shuler v. Gregory Elec.*, 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005)); *Hill v. Eagle Motor Lines,* 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel]'s finding from being supported by substantial evidence.").

2.     As to the Appellate Panel's findings regarding Mahaffey's credibility: *Potter v. Spartanburg School Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel." (citing *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000)); *see also Hall*, 376 at 348, 656 S.E.2d at 758 (witness credibility determinations are reserved to the Appellate Panel).

3.     As to the Appellate Panel's affirming the single commissioner's decision not to hold open the record: *Hanks v. Blair Mills, Inc.*, 286 S.C. 378, 386, 335 S.E.2d 91, 96 (Ct. App. 1985) (finding Commission did not err in affirming single commissioner's decision to close record when employer had not been diligent in deposing medical expert); *Tupper v. Dorchester Cnty.*, 326 S.C. 318, 324 n.3, 487 S.E.2d 187, 190 n.3 (1997) (stating an appellant may not preserve an issue for appeal by way of another party's objection or challenge); *see also S.C. Dep't of Transp. v. First Carolina Corp. of S.C.,* 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (holding that to be preserved for appellate review, an issue must have been "(1) raised to and ruled upon by the trial court, (2) *raised by the appellant*, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity" (emphasis added) (citation omitted)).

4.     As to whether the single commissioner acted with caprice, passion, or prejudice and in violation of Mahaffey's right to due process:  *See S.C. Dep't of Transp.,* 372 S.C. at 301-02, 641 S.E.2d at 907 (holding that to be preserved for appellate review, an issue must have been "(1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity" (citation omitted)).

5.     As to the single commissioner's consideration of Janis Mahaffey's stipulated testimony and Dr. Henry McCallum's medical evidence: *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 339-40, 513 S.E.2d 843, 846 (1999) ("[T]he Appellate Panel is given discretion to weigh and consider all the evidence, both lay and expert, when deciding whether causation has been established."); *id.* at 340, 513 S.E.2d at 846 ("[W]hile medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record."); *id.* ("Indeed, medical testimony should not be held conclusive irrespective of other evidence." (internal quotation marks omitted)); *id.* ("Expert medical testimony is designed to aid the [Appellate Panel] in coming to the correct conclusion; therefore, the [Appellate Panel] determines the weight and credit to be given to the expert testimony."); *id.* ("Once admitted, expert testimony is to be considered just like any other testimony.").

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**