**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Karabees, Jr., Employee, Respondent,

v.

State Board for Tech. & Comp. Education, Employer, and State Accident Fund, Carrier, Appellants.

Appellate Case No. 2012-213196

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2013-UP-447
Heard November 5, 2013 – Filed December 11, 2013

---

**AFFIRMED**

---

Margaret Mary Urbanic, of Clawson & Staubes, LLC, of Charleston, and Ellen H. Goodwin, of State Accident Fund, of Columbia, for Appellants.

Thomas M. White, of the Steinberg Law Firm, LLP, of Goose Creek, for Respondent.

---

**PER CURIAM:**  The State Board for Technical and Comprehensive Education and the State Accident Fund (collectively, Appellants) appeal the Appellate Panel of the Workers' Compensation Commission's (Appellate Panel) order finding

Thomas Karabees, Jr. totally and permanently disabled. Appellants contend the Appellate Panel erred in affirming the single commissioner's determination that Karabees's disability resulted from a workplace fall and not his pre-existing multiple sclerosis. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Wise v. Wise*, 394 S.C. 591, 597, 716 S.E.2d 117, 120 (Ct. App. 2011) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (providing this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse when the decision is affected by an error of law); *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (noting that when the evidence conflicts on a factual issue, the findings of the Appellate Panel are conclusive); *Bass v. Kenco Grp.*, 366 S.C. 450, 458, 622 S.E.2d 577, 581 (Ct. App. 2005) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [A]ppellate [P]anel."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011) ("[I]t is not for this court to balance objective against subjective findings of medical witnesses, or to weigh the testimony of one witness against that of another. That function belongs to the Appellate Panel alone." (internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**