**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Norge L. Gonazalez Torres, Claimant, Appellant,

v.

World Fiber Technologies, Inc., Employer, and The Standard Fire Insurance Company, c/o Travelers, Carrier, Respondents.

Appellate Case No. 2012-213610

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2014-UP-015
Submitted December 6, 2013 – Filed January 15, 2014

———————

**AFFIRMED**

———————

C. Daniel Vega, of Chappell Smith & Arden, of Columbia, and Norge L. Gonzalez Torres, pro se, for Appellant.

Susan LeAnne McCormack and John Gabriel Coggiola, both of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

———————

**PER CURIAM:** Norge L. Gonzalez Torres appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's order, arguing the Appellate

Panel erred in finding: (1) he had reached maximum medical improvement and was not entitled to further medical treatment; (2) he suffered a permanent disability equal to the impairment rating he received for his back; and (3) World Fiber Technologies, Inc. and The Standard Fire Insurance Company, c/o Travelers, were entitled to a credit for overpayment of temporary total disability benefits.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Wise v. Wise*, 394 S.C. 591, 597, 716 S.E.2d 117, 120 (Ct. App. 2011) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (providing this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse when the decision is affected by an error of law); *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (noting that when the evidence conflicts on a factual issue, the findings of the Appellate Panel are conclusive); *Bass v. Kenco Grp.*, 366 S.C. 450, 458, 622 S.E.2d 577, 581 (Ct. App. 2005) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [A]ppellate [P]anel."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011) ("[I]t is not for this court to balance objective against subjective findings of medical witnesses, or to weigh the testimony of one witness against that of another. That function belongs to the Appellate Panel alone." (internal quotation marks omitted)).

**AFFIRMED.** [1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.