**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daljit Roopra, Respondent,

v.

Spartanburg Automotive, Inc., and Liberty Mutual Insurance Company, Appellants.

Appellate Case No. 2013-000312

———————————

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-018
Heard December 10, 2013 – Filed January 15, 2014

———————————

**AFFIRMED**

———————————

O. Shayne Williams, of Turner Padget Graham & Laney, PA, of Greenville, and Carmelo Barone Sammataro, of Turner Padget Graham & Laney, PA, of Columbia, for Appellants.

Ben C. Harrison and Jeremy Andrew Dantin, both of Harrison White Smith & Coggins, PC, of Spartanburg, for Respondent.

———————————

**PER CURIAM:**  In this workers' compensation action, Spartanburg Automotive, Inc. and its carrier, Specialty Risk Services, Inc.[1], appeal the Appellate Panel's disability ratings for Daljit Roopra's left shoulder and neck, arguing those ratings are excessive and fail to account for a prior disability award for a previous shoulder injury.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the Appellate Panel erred in finding a disability rating of 39% to Roopra's shoulder and 4% to his neck because it gave little or no regard to his physicians' impairment ratings: *Wise v. Wise*, 394 S.C. 591, 597, 716 S.E.2d 117, 120 (Ct. App. 2011) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (providing this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse when the decision is affected by an error of law); *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (noting that when the evidence conflicts on a factual issue, the findings of the Appellate Panel are conclusive); *Bass v. Kenco Grp.*, 366 S.C. 450, 458, 622 S.E.2d 577, 581 (Ct. App. 2005) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [A]ppellate [P]anel."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011) ("[I]t is not for this court to balance objective against subjective findings of medical witnesses, or to weigh the testimony of one witness against that of another.  That function belongs to the Appellate Panel alone." (internal quotation marks omitted)); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 86, 681 S.E.2d 595, 600 (Ct. App. 2009) ("The extent of an injured workman's disability is a question of fact for determination by the Appellate Panel and will not be reversed if it is supported by competent evidence."); *Sanders v. MeadWestvaco Corp.*, 371 S.C. 284, 291, 638 S.E.2d 66, 70 (Ct. App. 2006) ("While an impairment rating may not rest on surmise,

---

[1] The caption identifies Liberty Mutual Insurance Company as the carrier as a result of a scrivener's error by the circuit court.

speculation or conjecture . . . it is not necessary that the percentage of disability or loss of use be shown with mathematical exactness." (alteration by court) (internal quotation marks omitted)); *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("[W]hile medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record."); *id.* ("[M]edical testimony should not be held conclusive irrespective of other evidence." (internal quotation marks omitted)); *id.* ("Expert medical testimony is designed to aid the [Appellate Panel] in coming to the correct conclusion; therefore, the [Appellate Panel] determines the weight and credit to be given to the expert testimony."); *id.* ("Once admitted, expert testimony is to be considered just like any other testimony."); *Sanders*, 371 S.C. at 292, 638 S.E.2d at 70 ("[T]he Appellate Panel is not bound by the opinion of medical experts and may find a degree of disability different from that suggested by expert testimony." (internal quotation marks omitted)).

2.    As to whether Roopra was required to demonstrate a loss of earning capacity because the shoulder was not a scheduled injury at the time he was injured: *Stone v. Roadway Express*, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006) ("Only issues raised [to] and ruled upon by the commission are cognizable on appeal."); *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 103, 580 S.E.2d 100, 101 (2003) (finding an issue unpreserved when it was raised for first time in front of the circuit court, the circuit court did not rule on the issue, and no Rule 59, SCRCP, motion was made on the issue); *Clark v. Aiken Cnty. Gov't*, 366 S.C. 102, 108, 620 S.E.2d 99, 102 (Ct. App. 2005) ("An issue not raised in the application for review is not preserved for the [Appellate Panel's] consideration."); *Creech v. Ducane Co.*, 320 S.C. 559, 564, 467 S.E.2d 114, 117 (Ct. App. 1995) (providing only issues within an application for review of the single commissioner's decision are preserved for the Appellate Panel).

3.    As to whether the Appellate Panel abused its discretion in finding a 39% disability rating to Roopra's shoulder because it failed to consider his prior 20% rating: *Palmetto Alliance*, 282 S.C. at 432, 319 S.E.2d at 696 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact); *Hargrove*, 360 S.C. at 290, 599 S.E.2d at 611 (noting that when the evidence conflicts on a factual issue, the findings of the Appellate Panel are conclusive); *Bass*, 366 S.C. at 458, 622 S.E.2d at 581 ("The final determination of witness credibility and the weight to be

accorded evidence is reserved to the [A]ppellate [P]anel."); *Potter*, 395 S.C. at 24, 716 S.E.2d at 127 ("[I]t is not for this court to balance objective against subjective findings of medical witnesses, or to weigh the testimony of one witness against that of another. That function belongs to the Appellate Panel alone." (internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**