**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Second Injury Fund, Appellant,

v.

Griffco of Wampee, Inc., Employer, and Commerce & Industry Insurance Company, Carrier, Respondents.

In re:
Patricia Fore, Employee, Claimant,

v.

Griffco of Wampee, Inc., Employer, and AIG Domestic Claims, Carrier, Defendants.

Appellate Case No. 2013-001814

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2014-UP-375
Heard October 16, 2014 – Filed November 5, 2014

**AFFIRMED**

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Appellant.

Weston Adams, III and James H. Lichty, of McAngus Goudelock & Courie, LLC, of Columbia; and Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

---

**PER CURIAM:**  The South Carolina Second Injury Fund (the Fund) challenges the Appellate Panel of the South Carolina Workers' Compensation Commission's (the Appellate Panel) decision ordering reimbursement to Griffco of Wampee, Inc. (Employer) and Commerce & Industry Insurance Company (collectively, Carrier). The Fund argues the Appellate Panel erred in finding (1) the Fund was required to reimburse Carrier pursuant to subsection 42-9-400(a) of the South Carolina Code (Supp. 2013), and (2) the claim at issue was not barred by subsection 42-7-320(B) of the South Carolina Code (Supp. 2013).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Barton v. Higgs*, 381 S.C. 367, 370, 674 S.E.2d 145, 146 (2009) ("The issue of interpretation of a statute is a question of law for the Court."); *Wise v. Wise*, 394 S.C. 591, 597, 716 S.E.2d 117, 120 (Ct. App. 2011) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Stone v. Traylor Bros., Inc.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (providing this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse when the decision is affected by an error of law); *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact).

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**