**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Samuel Rose, Claimant, Appellant,

v.

JJS Trucking, Uninsured Employer, and Chris Thompson Services, Upstream Employer, and Bridgefield Casualty Ins. Co., Carrier for Chris Thompson Services, and The State Accident Fund, Respondents.

Appellate Case No. 2016-000497

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2018-UP-155
Submitted March 1, 2018 – Filed April 18, 2018

**REVERSED AND REMANDED**

Stephen Benjamin Samuels, of Samuels Law Firm, LLC, of Columbia, for Appellant.

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mount Pleasant, for Respondents JJS Trucking, Chris Thompson Services, and Bridgefield Casualty Ins. Co.

Amy V. Cofield, of Cofield Law Firm, of Lexington, for Respondent State Accident Fund.

**PER CURIAM:**  Samuel Rose appeals an order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel) ruling (1) he was not entitled to additional benefits under the Workers' Compensation Act (the Act) and (2) Chris Thompson Services and Bridgefield Casualty Insurance Company (collectively, Respondents) were entitled to a lien on the proceeds of any third-party recovery Rose obtained.  On appeal, Rose argues (1) the single commissioner erred by granting Respondents' motion to introduce newly-discovered evidence while denying his similar motion and (2) the single commissioner and Appellate Panel erred by barring him from further benefits due to a violation of section 42-1-560(b) of the South Carolina Code (2015).

After the single commissioner held a hearing to determine whether Respondents could stop temporary compensation payments and whether Rose was entitled to further compensation, but prior to entry of a resulting order, Respondents filed a motion to introduce newly-discovered evidence.  In the motion, Respondents asserted Rose initiated a third-party civil action arising out of the accident that also gave rise to his workers' compensation claim, but he failed to give timely notice of the action.  *See* § 42-1-560(b) ("Notice of the commencement of the action shall be given within thirty days thereafter to the Workers' Compensation Commission, the employer[,] and carrier upon a form prescribed by the Workers' Compensation Commission.").  Rose filed a similar motion in response, informing the single commissioner that the third-party action had been voluntarily dismissed and seeking to introduce the stipulation of dismissal into evidence.  The single commissioner granted Respondents' motion but denied Rose's.

In its order denying Rose's motion, the single commissioner found, "The evidence sought to be introduced (the Voluntary Dismissal) does not fit the meaning of 'newly[-]discovered evidence' under Regulation 67-707 of the South Carolina Code as it did not exist at the time of the hearing before the undersigned on August 5, 2013."  However, regulation 67-707 does not include such a requirement, and the single commissioner's finding is contrary to this court's precedent.  *See* S.C. Code Ann. Regs. 67-707(C) (2012) ("The moving party must establish the new evidence is of the same nature and character required for granting a new trial and show: (1) [t]he evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and (2) [t]he evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its

discovery."); *Wise v. Wise*, 394 S.C. 591, 602, 716 S.E.2d 117, 123 (Ct. App. 2011) (explaining "[n]othing requires that the facts be in existence at the time of the first hearing by the single commissioner" to be admitted under regulation 67-707). Accordingly, the denial of Rose's motion was controlled by an error of law, and we reverse it. *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2017) (providing this court may reverse a decision by the Commission "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . affected by [an] error of law").

Having determined Rose's stipulation of dismissal should have been allowed into evidence and considered by the single commissioner, we further find the single commissioner and Appellate Panel erred by concluding Rose's purported violation of section 42-1-560(b) barred his workers' compensation claim from proceeding. *See Callahan v. Beaufort Cty. Sch. Dist.*, 375 S.C. 92, 97, 651 S.E.2d 311, 314 (2007) ("A voluntary dismissal leaves the situation as though no suit had ever been filed."); *id.* ("Following this rule, [a voluntarily-dismissed] third-party suit . . . [becomes] a nullity, and [section] 42-1-560 is not applicable. As a result, there is no violation of [section] 42-1-560 when the third-party suit is treated as never being filed.").

We reverse the Appellate Panel's order and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.