716 S.E.2d 123

**Claude POTTER, Employee, Appellant,**

**v.**

**SPARTANBURG SCHOOL DISTRICT 7, Employer, and S.C. School Board Self–Insurance Trust Fund, Carrier, Respondents.**

**No. 4890.**

Court of Appeals of South Carolina.

Submitted June 1, 2011.

Decided Sept. 14, 2011.

Rehearing Denied Oct. 20, 2011.

18

Andrew N. Poliakoff, of Spartanburg, for Appellant.

Michael Allen Farry, of Greenville, for Respondents.

KONDUROS, J.

This is an appeal of a workers' compensation case arising from Claude Potter's compensable injuries, which originated from a slip and fall during his employment with Spartanburg School District 7 (School District). The Appellate Panel found that although Potter did suffer a psychological overlay from his injury, he did not sustain any permanent partial disability as a result of the psychological overlay, and the circuit court affirmed. Potter raises several issues on appeal, claiming the circuit court erred in affirming the following findings: (1) Potter did not suffer any "physical brain damage" causally related to the accident; (2) the only body part with resulting impairment from the accident is the right leg; (3) Potter has not suffered a psychological/mental injury; and (4) Potter has not suffered permanent and total disability. We affirm.

## FACTS

On December 19, 2003, Potter was performing maintenance on a heating ventilation and air conditioning (HVAC) system located on the roof of a building for the School District. While

securing a ladder, Potter fell approximately twelve to fourteen feet landing on asphalt and losing consciousness for a few minutes. He fractured his right femur with "minimal displacement" and sustained a small cut above his eye. Potter's right leg was surgically repaired and a few stitches were used to treat the cut above his eye. The computerized tomography (CT) scan of his head on the day of the fall showed a "small amount of supratentorial blood." A second CT scan, taken a few days later, revealed no new problems and the previous swelling and pressure had subsided. The School District began paying Potter weekly temporary total disability benefits and provided medical care.

On November 23, 2004, Potter underwent a neurological consultation. The neurologist, Dr. Thomas A. Collings, found Potter's reported problems with disequilibrium were probably not related to his fall, and the vertigo and mild head injury had resolved itself. His treating physician, Dr. Mark D. Visk, evaluated Potter on December 16, 2004, and assigned him a twenty percent permanent impairment to the right leg and discharged him from active care. Potter had an independent medical evaluation in May 2005. The evaluator provided no assessment of Potter's mental status, but found he had a twenty-four percent whole person impairment related to his shoulder, leg, and lower back. In June 2005, Potter received a neuropsychological evaluation from Dr. Randolph Waid, a licensed clinical psychologist. Dr. Waid noted Potter's injuries included "cognitive disorder residuals of traumatic brain injury with interfering effects of pain, sleep disturbance, and fatigue." He recommended Potter receive psychiatric evaluation and treatment to manage Potter's "sleep disturbance, mood labiality, as well as depression," along with a course of psychological counseling to develop "affective compensatory strategies and antidepressants." Potter's attorney referred him to Dr. Collings for another evaluation in September 2005. After an examination and a review of previous medical reports, Dr. Collings opined: "I do not feel that Mr. Potter has any significant ongoing neurologic difficulty from the fall on 12/ 18/ 03."

On January 6, 2006, Potter filed a Form 50 alleging he sustained compensable injuries to his "brain, shoulder, back, hip, leg, and head" when he fell from the ladder. By consent

order, the parties agreed for Potter to be referred to Dr. David Tollison for psychological evaluation and treatment, which began on June 20, 2006, and continued until March 14, 2007. During the course of treatment, the School District filed a Form 21 requesting a hearing to determine the amount of compensation to be paid to Potter. Potter was released by Dr. Tollison in March 2007 at psychological maximum medical improvement and told to return if needed. On August 30, 2007, the School District denied Potter sustained any compensable permanent brain damage or that Potter was permanently and totally disabled.

The single commissioner held an evidentiary hearing on December 4, 2007, and filed an order on January 8, 2008, holding: (1) Potter sustained a compensable injury by accident to his right leg; (2) Potter reached maximum medical improvement with a thirty percent partial disability to the right leg; (3) Potter was not disabled from his job because of his injuries; and (4) he did not suffer any physical brain damage causally related to the admitted accident. Citing *McLeod v. Piggly Wiggly Co.*, 280 S.C. 466, 471, 313 S.E.2d 38, 41 (Ct.App.1984), the order noted that Dr. Waid is a clinical psychologist, not a neurosurgeon or a medical doctor, and his opinion "concerning alleged brain damage is beyond [h]is area of expertise." Additionally, the order stated "greater weight is given to the opinion of the treating physician" with respect to Potter's "injuries and body parts involved."

Potter appealed, and a majority of the Appellate Panel affirmed the findings and conclusions of the single commissioner with some additional findings. The Appellate Panel further found that although Potter did suffer a psychological overlay from his injury, he did not sustain any permanent partial disability as a result of the psychological overlay. In his dissent, Commissioner J. Alan Bass disagreed with the findings that Dr. Waid was unqualified to render an opinion concerning brain damage and that Potter did not suffer any brain damage causally-related to the admitted accident. Potter appealed to the circuit court. The circuit court found substantial evidence in the record supported the specific findings of fact made by the Appellate Panel and the decision was not affected by an error of law; therefore, the circuit court

affirmed the findings and conclusions of the Appellate Panel. This appeal followed.

## STANDARD OF REVIEW

 The South Carolina Administrative Procedures Act establishes the substantial evidence standard for judicial review of decisions by the Commission. S.C.Code Ann. § 1–23–380 (Supp.2010); *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). Under the substantial evidence standard of review, this court may not "substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law." *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004). "Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusions the administrative agency reached in order to justify its actions." *Broughton v. S. of the Border*, 336 S.C. 488, 495, 520 S.E.2d 634, 637 (Ct.App.1999). In workers' compensation cases, the Appellate Panel is the ultimate fact finder. *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). The Appellate Panel is reserved the task of assessing the credibility of the witnesses and the weight to be accorded evidence. *Id.*

## LAW/ANALYSIS

### I. Physical Brain Damages Causally Related to the Accident

 Potter argues the circuit court erred in affirming the Appellate Panel's finding that he did not suffer any physical brain damage causally related to the accident, based on the Appellate Panel's misinterpretation of *McLeod v. Piggly Wiggly Co.*, and ignoring *Tiller v. National Health Care Center*, 334 S.C. 333, 513 S.E.2d 843 (1999). Potter suggests *Tiller* stands for the proposition that medical evidence is not required in workers' compensation claims, even in medically complex cases, thus he is entitled to a determination of physical brain damage based on the medical testimony presented to the Appellate Panel. We disagree.

 The Appellate Panel is given discretion to weigh and consider all the evidence, both lay and expert, when deciding whether causation has been established. *Ballenger v. S. Worsted Corp.*, 209 S.C. 463, 467, 40 S.E.2d 681, 682–83 (1946); *Tiller*, 334 S.C. at 340, 513 S.E.2d at 846. Thus, while medical testimony is entitled to great respect, the fact finder may disregard it if other competent evidence is presented. *Id.* Expert medical testimony is intended to aid the Appellate Panel in coming to the correct conclusion. *Corbin v. Kohler Co.*, 351 S.C. 613, 624, 571 S.E.2d 92, 98 (Ct.App.2002) (citing *Tiller*, 334 S.C. at 340, 513 S.E.2d at 846). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel. *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).

The Appellate Panel, as the ultimate fact finder, was within its discretion to rely on *McLeod* in determining the weight Dr. Waid's opinion should be afforded. *McLeod* provides the Appellate Panel with the ability to ascertain the proficiency of an expert and to decide whether a "higher degree of expertise" is needed regarding an award. 280 S.C. at 471, 313 S.E.2d at 41 (holding the award should be remanded for redetermination when an alleged defect and injury sustained by the claimant concerned a complicated area of the body requiring a higher degree of expertise than provided to the Appellate Panel). In this case, Dr. Waid's opinion, as a clinical psychologist, was reviewed and given a lesser weight due to the Appellate Panel's evaluation of Waid's opinion concerning alleged brain damage based on his expertise presented to the Appellate Panel.

 The Appellate Panel's reliance on *McLeod* does not disregard *Tiller*. *Tiller* allows Dr. Waid's opinion to be taken into consideration by the Appellate Panel as it weighs and considers all the evidence, both lay and expert, when determining whether causation has been established. While medical testimony is entitled to great respect, the Appellate Panel may disregard it if the record contains other competent evidence. *Id.* Nor is the Appellate Panel bound by the opinion of medical experts. *Sanders v. MeadWestvaco Corp.*, 371 S.C. 284, 292, 638 S.E.2d 66, 71 (Ct.App.2006). In this case, the Appellate Panel was presented with medical evidence from Potter's emergency room physician, Potter's primary physi-

cian, a neurologist, and a psychologist. The Appellate Panel committed no error of law by relying on *McLeod* in its assessment of Dr. Waid's credibility and the weight to afford his opinion, as it made its factual findings regarding physical brain damage. Furthermore, " 'it is not for this court to balance objective against subjective findings of medical witnesses, or to weigh the testimony of one witness against that of another.' That function belongs to the Appellate Panel alone." *Id.* (quoting *Roper v. Kimbrell's of Greenville,* 231 S.C. 453, 461, 99 S.E.2d 52, 57 (1957)). We therefore affirm.

## II. Remaining Issues

■ The remaining issues have been abandoned by Potter because he fails to cite any statute, rule, or legal authority for the three issues in his brief. An issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory. *See In the Matter of the Care & Treatment of McCracken,* 346 S.C. 87, 92–3, 551 S.E.2d 235, 238–39 (2001) (finding issues were abandoned because there was no specific legal ground upon which the court could rely); *see also Pack v. S.C. Dep't of Transp.,* 381 S.C. 526, 532, 673 S.E.2d 461, 464 (Ct.App.2009) (holding appellant abandoned issue when she cited no legal authority to support her argument). While Potter's brief suggests other facts that could have been considered by the Appellate Panel, he gives this court no substantive legal authority upon which to rely. Accordingly, these issues are abandoned.

## CONCLUSION

The decision of the circuit court affirming the Appellate Panel's findings of fact and conclusions of law is

**AFFIRMED.**

SHORT and GEATHERS, JJ., concur.