**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

American Home Assurance Co., Carrier, Appellant,

v.

South Carolina Second Injury Fund, Respondent.

(In re: Ben Johnson, Employee/Claimant,

v.

American Services, Inc., Employer)

Appellate Case No. 2014-001459

_____

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-072
Heard January 13, 2016 – Filed February 17, 2016

_____

**AFFIRMED**

_____

Jared Matthew Pretulak and Robert Charles Rogers, of Gallivan, White & Boyd, P.A., of Greenville, for Appellant.

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Respondent.

_____

**PER CURIAM:**  American Home Assurance Co. (Carrier) appeals the circuit court's order affirming the South Carolina Workers' Compensation Commission's finding that Carrier was not entitled to reimbursement from the S.C. Second Injury Fund (Fund) for its payments to Ben Johnson.  We affirm.

1. We disagree with Carrier's argument that the circuit court erred in affirming the Workers' Compensation Commission's finding Johnson did not have preexisting anxiety or preexisting hypertension.  We also disagree with Carrier's argument that the circuit court erred in affirming the Commission's finding Johnson's preexisting back pain, anxiety, and hypertension were not permanent and serious enough to constitute a hindrance or obstacle to Johnson's employment.  *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (stating when there are conflicts in the evidence of a factual issue the Appellate Panel's findings are conclusive).  Greater weight was given by the Commission and the circuit court to the medical narratives and reports than to the doctors' certificates.  The court determined that Johnson did not have preexisting anxiety or hypertension before his work injury in any significant form and that preexisting back pain, anxiety, and hypertension were not permanent and serious enough to constitute a hindrance or obstacle to Johnson's employment.  We find the court's decision was supported by substantial evidence.

2. We disagree with Carrier's argument that the circuit court erred in affirming the Commission's denial of reimbursement to the Carrier by the Fund because the only reliable, probative, and substantial evidence in the record establishes all the requirements for reimbursement under section 42-9-400 of the South Carolina Code (2015).  *See Liberty Mut. Ins. Co. v. S. C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) (finding the review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by an error of law); *id.* at 620, 611 S.E.2d at 300 (providing substantial evidence is evidence, which when viewed in the record as a whole, allows reasonable minds to reach the decision); *Burnette v. City of Greenville*, 401 S.C. 417, 427-28, 737 S.E.2d 200, 206 (Ct. App. 2012) ("[W]hile a finding of fact of the [C]ommission will normally be upheld, such a finding may not be based

upon surmise, conjecture, or speculation, but must be founded on evidence of sufficient substance to afford a reasonable basis for it."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011) ("Expert medical testimony is intended to aid the Appellate Panel in coming to the correct conclusion.  The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel.").  With regard to Carrier's arguments that the circuit court and the Commission applied an incorrect standard and Carrier was entitled to a presumption that Johnson's impairments were a hindrance to employment, we find these arguments unpreserved.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").  We agree with the court's findings that the evidence, including treating physicians' reports, was substantial and sufficient to deny reimbursement to the Carrier by the Fund.

**AFFIRMED.**

**HUFF, A.C.J.,  WILLIAMS, and THOMAS, JJ., concur.**