**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sarah Folston, Claimant, Appellant,

v.

South Carolina Department of Disabilities and Special Needs, Employer, and SC State Accident Fund, Carrier, Respondents.

Appellate Case No. 2018-001249

―――――――――――

Appeal From The Workers' Compensation Commission

―――――――――――

Unpublished Opinion No. 2021-UP-070
Submitted February 1, 2021 – Filed March 10, 2021

―――――――――――

**AFFIRMED**

―――――――――――

Stephen Benjamin Samuels, of Samuels Law Firm, LLC, of Columbia, for Appellant.

Erin Farrell Farthing, of Columbia, for Respondents.

―――――――――――

**PER CURIAM:** Sarah Folston filed this action against the South Carolina Department of Disabilities and Special Needs and the South Carolina State Accident Fund after an admitted workplace injury. Folston appeals the order of the Workers' Compensation Commission's Appellate Panel, arguing it erred in finding

her not permanently disabled.  We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

The Appellate Panel did not err in not finding Folston permanently and totally disabled.  The South Carolina Code provides for permanent and total disability "[w]hen the incapacity for work resulting from an injury is total."  S.C. Code Ann. § 42-9-10(A) (2015).  A claimant has the burden to establish permanent and total disability.  *Dent v. E. Richland Cnty. Pub. Serv. Dist.*, 423 S.C. 193, 201, 813 S.E.2d 886, 890 (Ct. App. 2018).  "The extent of disability is a question of fact to be proved as any other fact is proved."  *Watson v. Xtra Mile Driver Training, Inc.*, 399 S.C. 455, 463, 732 S.E.2d 190, 194 (Ct. App. 2012).  "In workers' compensation cases, the Appellate Panel is the ultimate fact finder."  *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011).  "[W]hen evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive."  *Dozier v. Am. Red Cross*, 411 S.C. 274, 289, 768 S.E.2d 222, 229–30 (Ct. App. 2014).

Folston argues this court should consider the doctrine of munificent remedy in this case.  The doctrine permits a claimant to have the benefit of the more favorable of remedies if the claimant shows entitlement to recovery under both the scheduled member and permanent disability statutes.  *Gupton v. Builders Transp.*, 357 S.E.2d 674, 678 (N.C. 1987).  Even if we were to consider the doctrine, the Appellate Panel found Folston did not meet her burden of establishing entitlement to recovery under the permanent disability statute.  We find substantial evidence supports the Appellate Panel's finding that Folston failed to prove permanent and total disability; thus, the doctrine would not apply.  Accordingly, the Appellate Panel's order is

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.