**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Isiah James, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2021-001025

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-276
Submitted June 17, 2022 – Filed June 29, 2022

---

**AFFIRMED**

---

Isiah James, of Brunswick, Georgia, pro se.

Christina Catoe Bigelow, of South Carolina Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Isiah James appeals an order from the Administrative Law Court (the ALC) affirming the South Carolina Department of Corrections' (SCDC's) calculation of his sentence, including his earned work credits, good time credits, and max-out date. On appeal, he argues the ALC erred by affirming SCDC's decision.

When James was sentenced for his convictions in 1979, sentences were calculated using a 360-day year. Although our laws were later amended in 1995 to add section 24-13-175 of the South Carolina Code (2007), which provided for sentences to be calculated using a 365-day year, the new law applied prospectively to crimes committed on or after the date the law took effect on January 1, 1996. *See* 1995 Act No. 83 ("SECTION 4. The 1976 Code is amended by adding: 'Section 24-13-175. Notwithstanding any other provision of law, sentences imposed and time served must be computed based upon a three hundred and sixty-five day year.'"); *id.* ("SECTION 62. This act takes effect January 1, 1996, and applies prospectively to all crimes committed on or after that date except as follows [providing exceptions for section 9, 25, 56, 59, 50, and 61]"). Therefore, we hold the ALC did not err by finding SCDC properly calculated James's sentences using a 360-day year because James was not eligible to have his sentence calculated using the 365-day year.[1] *See Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole.").

---

[1] To the extent James argues the ALC erred by finding SCDC properly credited James with earned work credits and good time credits, we hold James abandoned this issue on appeal by failing to provide an explanation of his argument or specify the amount of credit he failed to receive. *See Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 573, 772 S.E.2d 882, 892 (Ct. App. 2015) ("An issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory." (quoting *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011))). Further, we agree with the ALC that any issue regarding whether his due process rights were violated by SCDC's delay in changing James's custody status is moot because James is no longer incarcerated. *See Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."); *id.* at 567-68, 549 S.E.2d at 596 ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.