**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bristol West Preferred Insurance Company, Respondent,

v.

Lemore Young, James E. Young, Darius Jerard Allen and Latusa Nicole Reid, Defendants,

Of Whom Janice A. Fisher as Personal Representative for Lemore Young is the Appellant.

Appellate Case No. 2019-001644

---

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-004
Submitted November 1, 2022 – Filed January 4, 2023

---

**AFFIRMED**

---

Brian T. Smith, of Brian T. Smith Law Offices, of Greenville, for Appellant.

Langdon Cheves, III, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondent.

---

**PER CURIAM:** Bristol West Preferred Insurance Company (Bristol) filed this declaratory judgment action against Lemore Young, James E. Young, Darius Jerard Allen, and Latusa Nicole Reid, seeking a declaration of rights under an automobile insurance policy issued to James. Janice A. Fisher, as the personal representative for Lemore, appeals the circuit court's order, arguing the court erred in (1) finding the policy did not provide uninsured motorist (UM) coverage; (2) concluding the policy should not be reformed to provide UM coverage based on law or public policy; and (3) interpreting Michigan's mandatory Personal Injury Protection (PIP). We affirm pursuant to Rule 220(b), SCACR.[1]

1.      We find the circuit court did not err in finding the policy did not provide UM coverage and did not err in declining to reform the policy to include UM coverage based on law.[2] *See* S.C. Code Ann. § 38-77-150(A) (2015) (providing mandatory UM coverage in South Carolina); S.C. Code Ann. §§ 56-9-10 to -630 (2018) (codifying the Motor Vehicle Financial Responsibility Act (MVFRA)); *Williams v. Gov't Emps. Ins. Co. (GEICO)*, 409 S.C. 586, 599, 762 S.E.2d 705, 712 (2014) (explaining the MVFRA "requires insurance for the benefit of the public"); *S. Home Ins. Co. v. Burdette's Leasing Serv., Inc.*, 268 S.C. 472, 475, 234 S.E.2d 870, 871 (1977) (stating the MVFRA "provides the means by which a motor vehicle owner may prove his ability to respond to a judgment"); *Newton v. Progressive Nw. Ins. Co.*, 347 S.C. 271, 273–77, 554 S.E.2d 437, 438–40 (Ct. App. 2001) (finding an insurance policy issued in Georgia did not provide UM coverage for an automobile accident in South Carolina where the insured validly rejected UM coverage, which was optional in Georgia); *id.* at 277, 554 S.E.2d at 440 (finding our UM statute, section 38-77-150, does not affect policies issued in other states); *id.* (finding South Carolina's financial responsibility law did not require reformation of Newton's policy); *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008) ("Where an agreement is clear and capable of legal construction, the court's only function is to interpret its lawful meaning and the intention of the parties as found within the agreement and give effect to it. We are without authority to alter an unambiguous contract by construction or to make new contracts for the parties." (internal citation omitted)). As to the argument that the policy should be reformed based on public policy, Fisher argued only that UM statutes should be liberally construed and "[i]t would . . . serve public policy [to ensure] that more passengers are covered by insurance policies and protected from risk." We find Fisher abandoned the argument by not citing to any authority. *See Potter v. Spartanburg Sch. Dist. 7,*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We combine the first two issues.

395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011) ("An issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory.").

2.      As to Fisher's argument that the circuit court erred in misinterpreting Michigan law by not finding Michigan's PIP coverage applied, we find the issue is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**