**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sonya Parks, Claimant, Appellant,

v.

Cintas Corporation, Employer, and Farmington Casualty Company, Carrier, Respondents.

Appellate Case No. 2024-000822

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2026-UP-122
Submitted February 3, 2026 – Filed March 18, 2026

**AFFIRMED**

Lola Stradford Richey, of Richey & Richey, PA, of Greenville, for Appellant.

Matthew Clark LaFave, of LaFave Bagley, LLC, of Columbia, for Respondents.

**PER CURIAM:** Sonya Parks claims to have injured her left shoulder while working as a garment folder at Cintas Corporation (Cintas). She filed a worker's compensation claim, alleging injury and repetitive trauma to her left shoulder, left

arm, and left hand.[1]  The Commissioner denied Parks's claim.  Parks appealed to the Appellate Panel of the Worker's Compensation Commission (Appellate Panel), which upheld the Commissioner's decision.  On appeal, Parks argues the Appellate Panel disregarded and improperly weighed evidence, resulting in the denial of her claim.  We affirm.

Sometime in 2020, Parks injured her left shoulder in a "non-Cintas-related injury."  An MRI revealed a torn left rotator cuff, and her doctor referred her for surgery.  Parks was scheduled for surgery three separate times; however, she never went through with it.  On September 1, 2021, Parks injured her right arm at work.  The Cintas investigation report for this injury stated Parks's left arm was already hurting from a non-work-related injury.  It further provided that Parks overcompensated for her left arm injury by putting most of the weight on her right arm, resulting in injury to that arm.  Dr. Stephan Pill, her treating physician, testified she had an acute right AC sprain and partial tearing of her right rotator cuff.  He also noted Parks complained of left shoulder pain so he recommended she go ahead with surgery for the left shoulder.

On June 15, 2022, Parks allegedly injured her left shoulder while at work.  She testified she felt a pop and experienced a pain in her left shoulder that she had not felt before.  Parks iced her shoulder and returned to work before her production manager told her to go home for the day; she did not return to work the next day.  On June 17, Parks went to Dr. Joel Smithwick because Dr. Pill was unavailable.  Dr. Smithwick did not perform any diagnostic testing but diagnosed Parks with a left shoulder strain, and Parks was referred for an MRI.[2]

Dr. Smithwick completed a medical questionnaire for Parks (the Questionnaire) on September 15.  He reported Parks "complained of worsening left shoulder and arm pain and injuries causally related, directly caused, and/or aggravated" by the June 15, 2022 incident.  However, he specifically noted this opinion was based on "patient history."  Parks acknowledged that the Questionnaire did not state whether

---

[1] However, at the hearing before the Commissioner (the Hearing), Parks testified she was seeking "help with [her] . . . left arm," but then clarified that it was her left shoulder in particular.

[2] It is unclear who referred Parks for the MRI or when this referral occurred.  Additionally, it appears an MRI was not performed until March 17, 2023.  On July 20, 2023, Parks filed a motion to admit new evidence, and the Appellate Panel denied this motion.  The motion is not included in the record on appeal, but it appears Parks sought to admit the MRI results.

the prior injury was dormant.

1.  We hold there is substantial evidence supporting the Appellate Panel's decision. *See Burnette v. City of Greenville*, 401 S.C. 417, 426, 737 S.E.2d 200, 205 (Ct. App. 2012) ("As a general rule, this court must affirm the findings of fact made by the [Appellate Panel] if they are supported by substantial evidence."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached.").  We find the Appellate Panel used its discretion appropriately in weighing and considering the evidence in determining whether the accident caused Parks's injury.  *See Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 86, 681 S.E.2d 595, 600 (Ct. App. 2009) ("The final determination of witness credibility and the weight to be accorded evidence is reserved for the Appellate Panel."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011) ("The Appellate Panel is given discretion to weigh and consider all the evidence, both lay and expert, when deciding whether causation has been established.").

First, the Appellate Panel's order referenced Parks's testimony and specifically found her testimony was consistent with a condition that was not dormant.  It found Parks failed to establish the Commissioner disregarded any testimony of her co-workers, managers, or the medical experts.  The Appellate Panel also noted the Commissioner's findings that Dr. Smithwick's testimony was limited and that the co-workers' testimony did not outweigh the medical evidence.  Thus, we hold Parks failed to meet her burden.  *See Clade v. Champion Lab'ys*, 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture or speculation.); S.C. Code Ann. § 42-9-35(A)(2015)  ("The employee shall establish by a preponderance of the evidence, including medical evidence, that: (1) the subsequent injury aggravated the preexisting condition or permanent physical impairment; or (2) the preexisting condition or the permanent physical impairment aggravates the subsequent injury.").

Although we acknowledge the Questionnaire stated the "left shoulder . . . pain and injuries [were] causally related, directly caused, and/or aggravated" by the June 15, 2022 incident, we find the Appellate Panel properly used their discretion in finding Dr. Smithwick's opinions were "limited."  *See Potter*, 395 S.C. at 23, 716 S.E.2d at 126 ("The Appellate Panel is given discretion to weigh and consider all the evidence, both lay and expert, when deciding whether causation has been

established."); *id.* ("Thus, while medical testimony is entitled to great respect, the fact finder may disregard it if other competent evidence is presented."). Dr. Smithwick specifically noted on the Questionnaire that "causality" was based on "patient history," and Dr. Smithwick never performed any diagnostic testing to determine if the injury had worsened because of the June 15, 2022 incident. Further, Dr. Smithwick, who treated Parks *after* the June 15, 2022 accident, only saw her twice for the injury, and there was no evidence in the record that she was treated by any other doctor for this injury. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the Appellate Panel's] findings from being supported by substantial evidence.").

Moreover, no medical evidence or testimony was presented to establish Parks's left rotator cuff tear was dormant at the time of the June 15, 2022 incident. *See Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996) ("[T]he burden is on appellants to prove convincingly that the [Appellate Panel]'s decision is unsupported by the evidence."); *Murphy v. Owens Corning*, 393 S.C. 77, 86, 710 S.E.2d 454, 458 (Ct. App. 2011) ("The claimant's right to compensation for aggravation of a pre-existing condition arises when the claimant has a dormant condition that becomes disabling because of the aggravating injury."). We agree with the Commissioner's order, which found "the testimony regarding Parks's ability to work and lack of complaints does not outweigh the prior medical evidence in the record." Parks was previously scheduled for surgery to repair her torn left rotator cuff but never went through with it. According to medical records, she complained of left shoulder pain multiple times throughout 2021, including as late as September. In 2021, Parks began receiving cortisone shots in her left shoulder because of the pain. Medical records indicated Parks reported her left shoulder "always bothered" her and state that she had "chronic left shoulder pain." Between mid-November 2021 and June 2022, Parks continued regular duty and did not appear to see a doctor—even with a torn rotator cuff. However, while working her regular duties, Parks avoided a full range of motion with her left arm. Further, Parks's own testimony is contradictory. *See Fishburne*, 384 S.C. at 86, 681 S.E.2d at 600 ("The final determination of witness credibility and the weight to be accorded evidence is reserved for the Appellate Panel."). Although Parks testified she was having spasms and pain going down her arm, she did not report the same to Dr. Smithwick. In fact, medical records from Dr. Smithwick show that she reported her left shoulder felt "achy" and "like a toothache," and Dr. Smithwick specifically noted on the Questionnaire that Parks only reported issues with her shoulder—not her arm. The Questionnaire did not state the prior left shoulder injury was dormant. The Appellate Panel's order also

discussed Parks's deposition testimony, finding it was inconsistent with a dormant condition.

The only evidence other than the Questionnaire that Parks presented to support her claim was testimony that her co-workers never heard her complain. However, any testimony from her co-workers that they never heard her complain of left shoulder pain does not outweigh the substantial medical evidence establishing ongoing issues with Parks's left shoulder. *See Crane v. Raber's Dis. Tire Rack*, 429 S.C. 636, 643, 842 S.E.2d 349, 352 (2020) ("When the [Appellate Panel]'s factual determination is 'founded on evidence of sufficient substance,' and the evidence 'afford[s] a reasonable basis' for the [Appellate Panel]'s decision in the case, the evidence meets the 'substantial evidence' standard and we are bound by the decision." (quoting *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012))); *Hill*, 373 S.C. at 436, 645 S.E.2d at 431 ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."). Accordingly, we hold there is substantial evidence supporting the decision.

2. We hold the issue of whether the Appellate Panel erred in failing to consider Parks's argument that the left shoulder injury was aggravated by the repetitive nature of her job duties is not preserved for review. According to Cintas, Parks did not include this issue in her issues on appeal (Form 30) to the Appellate Panel. Parks did not include her Form 30 in the record on appeal for us to confirm. Further, the Appellate Panel did not rule on this issue. Even if her job required repetitive activities, as Parks argues, we cannot review this claim on appeal because we do not know which issues were presented to the Appellate Panel. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.